UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

VINCENT DELGROSSO,

                                        Plaintiff,

              -against-

THE CITY OF NEW YORK, DETECTIVE DOMINICK CAMINITI, tax # 903547, DETECTIVE DENNIS MAIRA, tax # 916111, DETECTIVE MATTHEW EDELMAN, shield # 1856, DETECTIVE LOUIS TORINO, shield # 4335, DETECTIVE ANTHONY RICCI, shield # 3652, DETECTIVE MITCHELL FRIEDMAN, shield # 2325, SERGEANT ROGER PEREZ, shield # 3733, SERGEANT PATRICK GOLDEN, shield # 2491,

                                        Defendants.

**FIRST AMENDED COMPLAINT**

CV 11 4876 (MKB) (VVP)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

      1.     Plaintiff brings this civil rights action against the City of New York and several New York City Police Officers of the Staten Island Gang Squad alleging that defendants violated his rights under 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution and New York state law by using excessive force on him and sexually assaulting him on February 17, 2011.  Plaintiff is not asserting a claim of false arrest because he was convicted of one of the crimes for which he was arrested, criminal sale of a controlled substance.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.     Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of assault, battery and intentional infliction of emotional distress which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## JURY TRIAL

5.     Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6.     Because plaintiffs' state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suits against municipalities or counties themselves, "service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law." N.Y. Gen. Mun. Law § 50-e(1)(b). Although a municipality is required to "indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, ... the duty to indemnify and save harmless ... shall

not arise where the injury or damage resulted from intentional wrongdoing or recklessness on the part of the employee." N.Y. Gen. Mun. L. § 50-k(3).

## PARTIES

7.  Plaintiff is a resident of Staten Island.

8.  The City of New York is a municipal corporation organized under the laws of the State of New York

9.  The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and their capacities as members of the NYPD at all relevant times. The defendants are sued their individual capacities.

## STATEMENT OF FACTS

10. On February 17, 2011, in the afternoon, Detective Dominick Caminiti, Detective Dennis Maira, Detective Matthew Edelman, Detective Louis Torino, Detective Anthony Ricci, Detective Mitchell Friedman, Sergeant Roger Perez and Sergeant Patrick Golden of the NYPD's Staten Island Gang Squad arrested plaintiff for criminal sale of a controlled substance.

11. While arresting plaintiff, defendants used excessive force on plaintiff for sadistic reasons.

12. The acts of force included:

a.  Pulling plaintiff out of a car and throwing him to the ground;

b.  Handcuffing plaintiff excessively tight causing scrapes and bruises to his wrists;

  c. Piling on top of plaintiff and pushing knees into the back of plaintiff's neck to obstruct his breathing;

  d. Punching, kicking and stomping on plaintiff;

  e. Pistol whipping plaintiff;

  f. Whipping plaintiff with handcuffs;

  g. Pulling down plaintiff's pants and underwear, sticking an object into his anus, laughing and calling him a "faggot:

  h. Smashing plaintiff's head into a police van;

  i. Hitting plaintiff in his face with a shoe;

  j. Throwing the handcuffed plaintiff face first into a police van.

  13. After the beating, defendants -- while one of the defendants held a gun to plaintiff's face -- told plaintiff that they would shoot him in the mouth if he told any medical personnel about the beating.

  14. Plaintiff was taken by ambulance to St. Vincent's Hospital/Richmond University Medical Center where he was treated and received several diagnostic tests. One of the defendants stood guard while plaintiff was speaking with the doctor and attempted to intimidate and frighten plaintiff.

  15. Plaintiff also received medical treatment while being admitted into Rikers Island Correctional Facility.

  16. After he was released from Rikers, plaintiff was treated at Staten Island University Hospital for, among other things, rectal bleeding, and the doctor noted in the chart that plaintiff had "scratches around rectal region and tenderness" and "ecchymosis" (bruising) in the area.

17. Plaintiff also received mental health treatment from a licensed social worker.

18. Photos of plaintiff were taken at the 120th Precinct and at Rikers Island which depict plaintiff's injuries.

19. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered serious physical injuries, including bruises, abrasions, lacerations and swelling to his head, face and body, emotional distress, fear, anxiety and humiliation.

## FIRST CLAIM

### (UNREASONABLE FORCE)

20. Plaintiff repeats the foregoing allegations.

21. Defendants' use of force upon plaintiff or their failure to intervene to prevent the use of force on him was objectively unreasonable and caused plaintiff pain and injury.

22. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for unreasonable force.

## SECOND CLAIM

### (FAILURE TO INTERVENE)

23. Plaintiff repeats the foregoing allegations.

24. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

25. Accordingly, defendants are liable to plaintiff under the Constitution for not intervening to prevent the violation of plaintiff's rights.

**THIRD CLAIM**

**(*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)**

26. Plaintiff repeats the foregoing allegations.

27. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

28. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

29. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

30. Several members of the NYPD, especially narcotics officers, have been arrested and convicted of crimes for making false allegations and for corruption.

31. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

32. In 2011, former NYPD narcotics officer Jerry Bowen was convicted of murder and attempted murder while under indictment for corruption.

33. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

34.     Despite the above, the City exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

35.     The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## FOURTH CLAIM
### (ASSAULT)

36.     Plaintiff repeats the foregoing allegations.

37.     Defendants' beating, sexual assault and threats placed plaintiff in fear of imminent harmful and offensive physical contacts which injured him.

38.     Accordingly, the individual defendants are liable to plaintiff under New York state law for assault.

## FIFTH CLAIM
### (BATTERY)

39.     Plaintiff repeats the foregoing allegations.

40.     Defendants' beating and sexual assault of plaintiff were offensive and nonconsensual physical contacts which injured him.

41.     Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## SIXTH CLAIM
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

42.     Plaintiff repeats the foregoing allegations.

43.     Defendants' conduct, as described herein, was extreme and outrageous conduct utterly intolerable in a civilized society and caused plaintiff serious emotional distress.

WHEREFORE, plaintiff demands the following relief jointly and severally against the defendants:

      a.    Compensatory damages in an amount to be determined by a jury;

      b.    Punitive damages in an amount to be determined by a jury;

      c.    Attorney's fees and costs;

      d.    Such other and further relief as the Court may deem just and proper.

DATED:    March 23, 2012

/s/
_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391